**Eitan Ovadia ELIAHU, Plaintiff–Appellant,**

v.

**STATE OF ISRAEL, Defendant–Appellee.**

**No. 15-15487**

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Submitted October 25, 2016 *

Filed November 2, 2016

Eitan Ovadia Eliahu, Pro Se

Daniel B. Asimow, Attorney, Arnold & Porter LLP, San Francisco, CA, Robert Reeves Anderson, Arnold & Porter LLP, Denver, CO, John B. Bellinger, III, Arnold & Porter LLP, Washington, DC, for Defendant–Appellee

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

Eitan Ovadia Eliahu appeals pro se from the district court's judgment dismissing his action for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 765 (9th Cir. 2007), and we affirm.

The district court properly dismissed Eliahu's action for lack of subject matter jurisdiction because Eliahu failed to establish an exception to Israel's immunity under the Foreign Sovereign Immunities Act ("FSIA"). *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989) (statutory exceptions to FSIA provide sole basis for jurisdiction over a foreign state).

The district court did not abuse its discretion in denying Eliahu's request for jurisdictional discovery because Eliahu did

not identify any discovery supporting his claim that a FSIA exception applied. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (setting forth standard of review and affirming denial of a request that "was based on little more than a hunch that it might yield jurisdictionally relevant facts").

Eliahu's request for oral argument, filed on September 12, 2016, is denied.

## AFFIRMED.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

